## F. H. Bush et al., Appellants, *v.* McKeesport City.

*Road law—Damages—Streets—Constitution.*

Damages cannot be assessed for improvements made within the lines of a located but unopened street after approval of the plans of which the street in question is a part; neither does the mere laying out of a street upon a city plan, without any action taken in reference to its opening, constitute such taking or injury as gives the court the power to assess damages therefor.

The act of May 16, 1891, § 12, P. L. 80, providing that no damages shall be recovered for buildings constructed within the lines of located streets or alleys, does not violate art. 16, § 8, of the Constitution of Pennsylvania. The act is merely declaratory of the common law of the state as recognized in Forbes Street, 70 Pa. 125.

Argued Nov. 8, 1894. Appeal, No. 281, Oct. T., 1894, by plaintiffs, from order of C. P. No. 1, Allegheny Co., June T., 1894, No. 435, dismissing petition for viewers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for appointment of viewers.

The petition alleged that the city of McKeesport, in July, 1892, laid out a street about 600 feet long over petitioners' land and running from Cliff street to Fifth avenue, thereby connecting the built-up part of the city east of Cliff street with Fifth avenue, a paved street, traversed by an electric street railway; that said laid-out street enters Fifth avenue at an acute angle and thereby takes and destroys much of the frontage and the most valuable part of petitioners' land on said avenue;

that no compensation has been. made or agreed upon; and prayed for the appointment of viewers.

An answer was filed averring " that said city is governed in the laying out and opening of streets by the act of May 16, 1891, P. L. 75, which act makes no provision for the appointment of viewers to assess damages for the laying out only of streets."

The court dismissed the petition saying: " We think the mere laying out of the street upon a city plan without any action taken in reference to its opening does not, under the law, constitute such taking or injury as gives the court the power to assess damages therefor."

*Error assigned* was above order.

*Magnus Pflaum*, for appellants.—Volkmar St., 124 Pa. 320; Whitaker v. Boro., 141 Pa. 327 ; Plan 116, 143 Pa. 414 ; Easton Boro. v. Rinek, 116 Pa. 1 ; Negley Ave., 146 Pa. 456, were all decided before the act of May 16, 1891, P. L. 75, and do not apply in this case, where the property fronts on a paved street. The action here is equivalent to a taking under art. 16, § 8 of the Constitution : O'Connor v. Pittsburg, 18 Pa. 187 ; Ridge St., 29 Pa. 391 ; R. R. v. Marchant, 119 Pa. 541 ; McDermont v. New Castle, 3 Dist. R. 221.

*W. B. Rodgers*, *R. C. Rankin* with him, for appellee, cited : Acts of May 16, 1891, P. L. 75, and May 26, 1891, P. L. 117 ; R. R. v. Marchant, 119 Pa. 556.

Per Curiam, Jan. 7, 1895 :

Plaintiffs' petition, for the appointment of viewers to assess damages for the injury they claim to have sustained in consequence of the acts of the defendant corporation therein set forth, was presented to the court and subsequently dismissed. Hence this appeal.

Their contention is that under article XVI, sec. 8, of the Constitution, they are entitled to damages for the acts complained of, because in consequence thereof they are restrained from freely using their property by the following clause in section 12 of the act of May 16, 1891, P. L. 80, viz : " No person shall

hereafter be entitled to recover any damages for any buildings or improvements of any kind which shall or may be placed or constructed upon or within the lines of any located street or alley, after the same shall have been located or ordained by ·councils."

If the question, intended to be raised by appellants, were an open one, much might be said on both sides, but we. think the underlying principle has been too long and firmly settled in this state, adversely to plaintiffs' contention, to justify us in holding that any new principle was introduced, or change in the law effected, by the clause above quoted. That clause is merely declaratory of the common law of the state as recognized in Forbes Street, 70 Pa. 125, and other cases. In that case it was held that damages could not be assessed for improvements made, within the lines of a located but unopened street, after approval of the plans of which the street in question was part; and this court said: "The leading object of laying out the city district, which was intended finally to become a part of the city of Pittsburg, was that the owners of ground within it should know what portion of their property would be taken for streets and other public purposes. The portions laid out for streets were to be deemed taken and adjudged as public highways. If buildings were erected on ground to be taken for streets of the first class, previously to the plan and survey, then they were to be paid for as well as the ground taken, when the streets were opened; but if built after the survey and plan, of which map or plan all the freeholders owning property in the said district had notice under the provisions of the sixth section of the act of June 16, 1836, then it is clear such buildings were not to be paid for, for otherwise the map or plan would be entirely nugatory. The case of Furman Street, 17 Wendell, 649, cited by Judge KENNEDY, 2 W. & S. 325, is good authority upon this point."

In Dillon on Municipal Corporations, sec. 587, the principle is stated thus: " Private property may also be taken for public use in the exercise of the power of eminent domain, but not without just compensation being made or provided for before the taking is absolutely consummated. The right to compensation, however, does not attach in cases where the value of property is merely impaired, and title to it not divested; nor

does it exist in cases where the right to the property taken is not absolutely vested at the time of the legislative act affecting it."

In District of Pittsburg, 2 W. & S. 320, cited in Forbes St., supra, it was said the mere laying out of streets " cannot be said, of itself, to be a taking of the property of the individuals, upon which they are laid out, for public use at some future day, but rather a designation of what may be required for that purpose thereafter ; so that the owners of the property may in due time be fully apprised of what is anticipated, and regulate the subsequent improvements, which they shall make thereon, accordingly. It is only when the streets, lanes, alleys and public squares, shall come to be admitted . . . . into the city, as a part thereof, and be opened under the authority of the same, in the manner prescribed by the act, that the lands so appropriated can be said to be taken or regarded as taken for public use."

The property of appellants has not been taken or injured within the meaning of the constitutional provision above referred to, and there was no error in dismissing their petition.

Decree affirmed and appeal dismissed with costs to be paid by appellants.