Anna D. Johnston, Harvey Childs, Jr., and Wm. E. Littleton, Executors and Trustees of the Estate of Ross Johnston, Deceased, and Mary E. Sloan, Appellants, *v.* James D. Callery.

[Marked to be reported.]

*Railroads—Eminent domain—Location—Servitude.*

A survey of a railroad on the ground, followed by selection and proper adoption of the line by the directors, makes a fixed and definite location and fastens a servitude upon the property affected thereby, and so takes from the owner and appropriates the land to the use of the corporation. It gives to the latter a standing to settle with and make compensation to the owner for the property thus taken and appropriated to its own use, and,—in case they cannot agree,—to give adequate security for the payment of damages when legally ascertained. Until such compensation is made, or, in lieu thereof, approved security is given, the title of the owner is not divested.

*Affidavit of defense—Agreement to sell land—Incumbrance—Location of railroad—Vendor and vendee.*

In an action to recover the purchase money of land which plaintiffs agreed to sell to defendant and convey " by deed of general warranty in fee clear of all encumbrances," an affidavit of defense is sufficient which avers that prior to the making of the agreement, a railroad company had made a survey upon the property for a branch railroad and that the said survey had been adopted as the location of the branch railroad by the board of directors of the railroad company, and that the said location and appropriation by the railroad company fastened a servitude upon the property.

In passing on the sufficiency of an affidavit of defense, the rule is that all unequivocal traverses or denials of material allegations, in support of the claim, and all material allegations of fact contained in the affidavit of defense must be accepted as verity.

Argued Nov. 4, 1895. Appeal No. 215, Oct. T., 1895, by plaintiffs, from order of C. P. No. 3, Allegheny Co., May T.,

1895, No. 248, discharging rule for judgment for want of a sufficient affidavit of defense. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit upon an agreement to sell real estate.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiffs averred in their statement that on May 2, 1893, defendant agreed in writing to purchase two lots of ground in the 23d ward of the city of Pittsburg for the sum of $20,000. They averred that they had tenderd to defendant a good and sufficient deed for the property and that they had kept and performed all the covenants of the agreement, but that defendant had refused to accept the deed or pay the purchase money. Defendant filed an affidavit of defense in which he averred as follows:

By the terms of said contract plaintiffs covenanted and agreed to sell and convey, on or before June 1, 1893, to the defendant, by a good and sufficient deed in fee, clear of all incumbrances, two (2) certain lots of ground situate in the 23d ward of the city of Pittsburg, and at the time of the execution of said contract defendant paid to plaintiffs the sum of three hundred ($300) dollars on account of said contract. Defendant in making said contract was acting for the Second Avenue Traction Company, and his sole and only purpose in making the contract was to acquire said two (2) lots of ground as a site for a new power station for said company, the said property being particularly desired by said company because of its river front.

That after said contract was made, and before the 1st of June, 1893, and while the title to said property was under examination, the defendant on the 19th of May, 1893, received from Johns McCleave, Esq., attorney for the Pittsburg & Connellsville Railroad Company, a corporation existing under the laws of the commonwealth of Pennsylvania, and having the power of eminent domain, a letter notifying the defendant that said railroad company—the said railroad company then and there having the legal right and power and authority so to do—had some time before that surveyed and adopted a location for a branch railroad across the said property, and that if defendant purchased it he would have to take it subject to the right of the Pittsburg & Connellsville Railroad Company to appropriate a

right of way through said property for the branch railroad as located, and that the railroad company would undoubtedly build said branch railroad in the near future, and suggesting that the defendant before completing the purchase had better examine the location, then on file in the railroad company's office, to see whether or not he (the defendant) could make profitable use of the property with the branch railroad constructed upon it as located, a true copy of which said letter is attached hereto, marked Exhibit " B," and made a part of this affidavit of defense.

Acting upon the notice contained in the letter of Mr. McCleave, defendant, on the —— day of May, 1893, called at the office of the Pittsburg & Connellsville Railroad Company and made an examination of the plan and location of said branch railroad on file in the office of the said company, a copy of which plan and location is hereto attached, marked Exhibit "C," and made a part of this affidavit of defense.

The Pittsburg & Connellsville Railroad Company, by its engineers and surveyors, entered upon said property, as the defendant is informed by some of the officials of said railroad company, believes and expects to be able to prove upon the trial of this cause, on or about the —— day of ————, A. D. 1892, and surveyed the location shown in said plan, Exhibit "C," and the work of these engineers and surveyors, together with drawings and profiles having been reported to the company, said location was formally adopted by the unanimous vote of the directors of the said railroad company on the 4th day of April, A. D. 1892, an extract from the minutes of said railroad company and a copy of the said resolution of its board of directors being hereto attached, marked Exhibit " D," and made part of this affidavit of defense.

The construction of the said branch railroad across the property in the manner shown in the said location and plan would cut off the entire river front of said property, and practically destroy said property for the uses of a power station for the Second Avenue Traction Company.

On or before the first day of June, 1893, but after the receipt by defendant of the letter (Exhibit " B "), and after the examination by the defendant of the plan (Exhibit " C ") and copy of resolution marked Exhibit " D," plaintiffs tendered defendant a deed and conveyance for the property, but defendant

denies that the deed and conveyance was a good and sufficient
deed and conveyance, "clear of all incumbrances," as called
for in said agreement, but on the contrary, there was then and
there fastened upon said property a servitude by reason of the
survey and appropriation by said railroad company, of the loca-
tion aforesaid, and the defendant refused to accept said deed
because of the survey and adoption of the said location across
the property by said railroad company and the expressed deter-
mination of said railroad company to construct said branch rail-
road as shown in said plan in the near future.

The defendant, being thus disappointed in his efforts to secure
an incumbered title to these two lots of ground, afterwards pur-
chased from the said plaintiffs another site for a power station
for the Second Avenue Traction Company—very near to the
two lots above described—and upon the property thus pur-
chased the Second Avenue Traction Company has since con-
structed the power station which it originally desired and
intended to erect upon the said two lots of ground first above
described.

The defendant denies that plaintiffs kept and performed all
acts, covenants and agreements which they were bound to keep
under the contract aforesaid, and all averments contained in
plaintiffs' statement in conflict with the statements contained
in this affidavit of defense are denied.

In a supplemental affidavit of defense defendant averred as
follows:

That after the survey and location by the Pittsburg & Con-
nellsville Railroad Company of a branch railroad over and
across the property referred to in the affidavit of defense filed,
and after the adoption by the board of directors of said com-
pany of the location for said branch railroad as set forth in the
affidavit of defense filed, that the Pittsburg & Connellsville
Railroad Company on the 6th of October, A. D., 1893, served
the plaintiffs with the following notice, to wit:

"*To Mrs. Anna D. Johnston, widow, Harvey Childs, Jr., and
Wm. E. Littleton, Executors and Trustees, and Mrs. Mary
E. Sloan:*

"Sir;—Please take notice that the Pittsburgh and Con-
nellsville Railroad Company will, on the 14th day of October,

A. D. 1893, present to the Court of Common Pleas No. 3, of Allegheny County, for filing therein the bond of said railroad company; dated the 25th day of September, A. D. 1893, with the Union Trust Company as sureties in the sum of ten thousand dollars, conditioned for the payment to you of such amount of damages as you may be entitled to receive for the entering of said company upon your lands in 23d ward, Pittsburgh, Allegheny County, Pa., and establishing and constructing a branch railroad thereon, which bond has been tendered to and refused by you.

"(Signed,)     PITTSBURGH & CONNELLSVILLE
                        RAILROAD COMPANY,
                        "By A. H. ANDERSON,
"October 6, 1893.                    Agent."

And that afterwards, to wit, on the 14th of October, A. D. 1893, to November term, 1893, of the court of common pleas No. 3, of Allegheny county, a bond was filed by the said Pittsburg & Connellsville Railroad Company, conditioned for the payment of such damages as might be sustained by the location and construction of said branch railroad.

The court discharged the rule for judgment.

*Error assigned* was above order.

*George E. Shaw* and *James H. Reed, P. C. Knox* with them, for appellants.—Entry by a railroad company before giving bond is a trespass, for which ejectment will lie: Williamsport R. R. v. R. R., 141 Pa. 407; McClinton v. R. R., 66 Pa. 404; Dimmick v. Brodhead, 75 Pa. 464; R. R. v. Cooper, 105 Pa. 239; Penna. R. R. v. Eby, 107 Pa. 166; W. P. & B. R. R. v. Warrell, 122 Pa. 613; Keil v. Gas Co., 131 Pa. 466.

The estate of the owner is not divested until bond is duly entered, or the land paid for: B., N. Y. & P. R. v. Harvey, 107 Pa. 319; W. P. R. R. v. Johnson, 59 Pa. 290; Fries v. R. R., 85 Pa. 73; Hoffman's App., 118 Pa. 512; Gilmore v. Pgh. etc. R. R., 104 Pa. 275; Lafferty v. R. R., 124 Pa. 297.

An affidavit of defense which is required by law or rule of court to set out the nature and character of the same, ought to aver distinctly every fact necessary to constitute a defense. Nothing should be left to inference: Peck v. Jones, 70 Pa. 83;

Blackburn v. Ormsby, 41 Pa. 97; Bryar v. Harrison, 37 Pa. 233.

Real estate in Pennsylvania is held subject to the right of eminent domain and a purchaser always takes subject to that right: Bailey v. Millenberger, 31 Pa. 37; Pfingston v. Loukle, 5 Kulp, 189.

A vendor is not liable for the act of a third person committed since the date of the agreement and not shown to be justified by any right existing prior thereto: Pfingston v. Loukle, 5 Kulp, 189.

When the purchaser refuses to take the property, pay the cash and give the required security, he makes himself liable for the whole amount of the purchase money immediately: Murray v. Ellis, 112 Pa. 485.

The cases in which the court has held that the damages belonged to the original owner are McFadden v. Johnson, 72 Pa. 335; Warrell v. R. R., 130 Pa. 100; Lawrence's App., 78 Pa. 365; Davis v. Titusville R. R., 114 Pa. 308; Blackiston's App., 81 Pa. 353.

*Wm. D. Evans, George C. Wilson* with him, for appellee.— Upon a rule for judgment for want of a sufficient affidavit of defense, all the material averments of the affidavit must be assumed to be true: Knerr v. Bradley, 105 Pa. 190.

It is difficult to understand how a case could be more definitely ruled by authority than is the present case by Williamsport Railroad Co. v. R. R., 141 Pa. 407.

The permanent location of a railroad is an appropriation of the ground and vests a right to the damages assessed (Beale v. Penna. R. R., 86 Pa. 509), and the owner of land at the time of the actual location is the party entitled to the damages: Davis v. Titusville & Oil City Ry., 114 Pa. 308.

It has been held that the existence of a right of way for a railroad is an incumbrance within the scope of the covenant against incumbrances. The covenant is broken by the existence of any easements or servitude to which the land is subject: Rawle on Covenants for Title, 98; Beach v. Miller, 51 Ill. 206; Barlow v. McKinley, 24 Ia. 70; Kochndader v. Pierce, 37 Ia. 645; Gerald v. Elly, 45 Ia. 322; Butte v. Reffe, 78 Ky. 352.

A covenant against incumbrances is broken as soon as made

if a defect of title or an incumbrance exists.   Wilson v. Cochran, 46 Pa. 233.

The power of taking a man's land by a railroad company is exhausted by a location, it cannot be indulged with another choice : Neal et al. v. Pittsburg & Connellsville R. R., 2 Grant's Cases, 137 ; Wadhams v. Lackawanna & Bloomsburg R. R., 42 Pa. 303 ; Bate v. Phila., Norristown & Phœnixville R. R., 1 Montg. 47 ; Pittsburg, Virginia, etc. R. R. v. Com., 101 Pa. 192 ; Lafferty v. Schuylkill River, etc. R. R., 124 Pa. 297 ; Hagner v. Pa. Schuylkill Val. R. R., 154 Pa. 475 ; P. V. & C. R. R. v. Canonsburg etc. R. R., 159 Pa. 331 ; Davis v. Titusville, etc. R. R., 114 Pa. 308.

The existence of a street legally laid out, but not opened for use, across a lot, is an incumbrance upon so much of the lot as it covers sufficient to excuse the purchaser from performing on his part, if it was not disclosed to him when the bargain was made : People's Savings Bank of Pittsburg v. Alexander, 3 Cent. Rep. 388.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 6, 1896 :

It may be conceded that a prima facie case for the plaintiffs is presented in their statement of claim and exhibit appended thereto.   The questions for consideration are, therefore, whether any of the material averments therein are sufficiently traversed or denied by the affidavits of defense, or whether any independent ground of defense, sufficient to carry the case to a jury, is presented in said affidavits.   If so, judgment for want of sufficient affidavit of defense was rightly refused.

In passing on such questions as these, the invariable rule is that all unequivocal traverses or denials of material allegations, in support of the claim, and all material allegations of fact contained in affidavits of defense must be accepted as verity: Knerr v. Bradley, 105 Pa. 190.   Referring to the facts of that case, it was there said: "The cause cannot be tried on the affidavits of the parties ; it is sufficient if the affidavit distinctly declares that the clause, under which the defendant claims, is in and forms a part of the contract, and is omitted from the copy filed. How or in what manner he may establish this, or whether he can establish it at all, will hereafter appear."

Among other things, the contract of May 2, 1893, provides

in substance that the plaintiffs shall, on or before June 1st following, convey to the defendant the land described therein clear of all incumbrances. After stating "This sale is being made subject to the approval of Prof. Wm. M. Sloane, one of the M. E. Johnston heirs," the contract contains this further qualifying clause: "Possession to be given on delivery of deed, subject to leases to present tenants. Purchaser to receive all rents from the delivery of deed." In brief, it is an agreement to sell—subject to approval, etc.—and, at a future day, convey in fee to defendant clear of all then existing incumbrances, plaintiffs in the meantime to retain possession and receive the rents.

After substantially reciting the agreement and averring that in pursuance thereof they tendered defendant "a good and sufficient deed of conveyance of the property described in said agreement of sale, and then and there demanded the consideration money," which he refused to pay, the plaintiffs renew their tender; and further say "they have kept and performed all acts, agreements and covenants which they were bound to keep and perform under the contract or agreement aforesaid."

It is not our purpose to refer at length to defendant's averments in relation to the servitude or incumbrance on the land in question, alleged to have been created by the action of the Pittsburg & Connellsville Railroad Co. in surveying, locating and adopting a route for a branch railroad across the land prior to tender of conveyance by plaintiffs, and even before the agreement in suit was executed, also, in relation to when and how he was first informed of said incumbrance and what, upon further investigation, he learned in regard thereto, etc., also to defendant's express denial that plaintiffs kept and performed all acts, covenants and agreements which they were bound to keep under the contract; and his denial of all averments, contained in plaintiffs' statement, in conflict with those contained in the affidavit of defense. Our consideration of all these matters has led us to the same conclusion reached by the court below—that there is sufficient in the affidavits to carry the case to a jury.

The successive steps, necessary to be taken by a railroad company, invested with the power of eminent domain in acquiring, first an inchoate and finally an absolute right or title to a road

way upon or through the land of a private owner, were fully explained by our Brother WILLIAMS, in Williamsport R. Co. v. Railroad Co., 141 Pa. 407.   Briefly stated they are : (1) Entry on the land, for the purpose of exploration, usually made by engineers and surveyors who, after running and marking one or more experimental lines, report the result of their work on the ground, with necessary maps and profiles, to the company employing them.   (2) The selection and adoption, by the board of directors, of a line or one of the lines so run, as and for the location of the proposed road.   (3) "Payment to the owner for what is taken and the consequences of the taking, or security that it shall be paid when the amount due him is legally ascertained."

The survey on the ground, followed by selection and proper adoption of a line for the proposed road, as was said in the above cited case, "makes what was before experimental and open, a fixed and definite location.   It fastens a servitude upon the property affected thereby, and so takes from the owner and appropriates to the use of the corporation."   It gives to the latter a standing to settle with and make compensation to the owner for the property thus taken and appropriated to its own use, and,—in case they cannot agree,—to give adequate security for the payment of damages when legally ascertained.   Until such compensation is made, or in lieu thereof, approved security is given, the title of the owner is not divested.   "As against him, the corporation, by its act of location, can acquire only a conditional title which ripens into an absolute one upon making compensation : " Williamsport R. Co. v. Railroad Co., 141 Pa. 407, and cases there cited.

As was said in that case (p. 416), "the act of location is at the same time the act of appropriation.   The space covered by the line as located is thereby seized and appropriated to the purposes of the construction and operation of the railroad by virtue of the power of eminent domain, and nothing remains to be done except to compensate the owner.   After the act of location by the company, the owner or the company may proceed at once to secure an ascertainment of damages.   Until such act neither can do so ; for no right of damages vests in or accrues to the owner until there has been an appropriation of his property by the corporation : Davis v. Railway Co., 114 Pa.

308." To the same effect are Neal v. Railroad Co., 2 Grant, 137 ; Wadhams v. Railroad Co., 42 Pa. 303 ; Beale v. Penna. R. Co., 86 Pa. 509.

Further consideration of the questions involved is unnecessary. We think the averments contained in the affidavits of defense bring the case within the principles above referred to, sufficiently so at least to warrant the discharge of the rule for judgment, and send the case to a jury for full ascertainment, of all the material facts.

Appeal dismissed, at the costs of the plaintiffs, without prejudice, etc.