# Harrison's Estate.

*Constitutional law — Constitution of Pennsylvania — Bill of rights—Constitution of United States—Fourteenth Amendment— Acts of December 27, 1871, P. L. (1872) 1390, and May 16, 1891, P. L. 75—Unopened streets on city plan—Improvements.*

1. Where an act has been on the statute books for a long period of time, and has been accepted as a statutory rule binding alike upon municipal authorities and property owners and has been under consideration in many cases with the result that its validity has always been maintained, it would require a very plain case to justify the court in striking it down as being in violation of the organic law.

2. The Acts of December 27, 1871, P. L. (1872) 1390, and of

May 16, 1891, P. L. 75, providing that property owners may not recover damages for improvements made upon the bed of unopened streets, which have been placed upon a city plan are constitutional. They do not violate the bill of rights of the Constitution of Pennsylvania nor the Fourteenth Amendment of the Constitution of the United States.

*Trusts and trustees—Authorization of improvements—Application to Orphans' Court—Discretion—Appeals.*

3. Where an application has been made to the Orphans' Court to approve the expenditure of trust funds, the court sitting as a chancellor has wide discretion and will not be reversed by an appellate court unless for clear abuse thereof.

4. The trustees having charge of the estate of a decedent proposed to use certain of the funds in their hands to erect a hotel upon the bed of a parkway, which had been placed upon a city plan. The life of the proposed hotel was indefinite, the right to compensation when taken by the city, uncertain, and every feature of the proposed investment was highly speculative. *Held,* the court did not err in refusing to approve the proposed expenditure.

Argued Jan. 22, 1915.    Appeal, No. 369, Jan. T., 1914, by the Philadelphia Trust, Safe Deposit and Insurance Company and Theodore L. Harrison, Executors and Trustees of the Estate of Joseph Harrison, Jr., deceased, from decree of O. C. Philadelphia Co., April T., 1879, No. 330, granting an injunction, in estate of Joseph Harrison, Jr., deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Petition for an injunction.    Before DALLETT, P. J.

The opinion of the Supreme Court states the facts.

The court granted the injunction.    The Philadelphia Trust, Safe Deposit and Insurance Company and Theodore L. Harrison, executors and trustees, appealed.

*Error assigned* was the decree of the court.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* for appellant.

*Sidney Young,* for appellee.

OPINION BY MR. JUSTICE ELKIN, ·July 3, 1915:

This is a proceeding to restrain the trustees of the estate involved from erecting a hotel property and making other improvements upon certain lands which lie wholly within the lines of the plotted parkway and paying for the improvements out of trust funds. The expenditure of trust funds for this purpose is resisted by the beneficiaries on the ground that it will constitute a waste of the estate's money and this position is asserted on the assumption that there can be no recovery of damages by way of compensation for the improvements thus contemplated, because what the city has done does not constitute a taking of the land for parkway purposes. It is provided in the Act of December 27, 1871, (P. L. 1872), 1390, which applies only to the City of Philadelphia, that it shall be unlawful "to erect any building upon any of the streets laid out on the plans of the city, after said plans have been confirmed; and when said streets are ordered to be opened, buildings erected upon them since their confirmation shall be removed at the expense of the owner, and without any damage being paid therefor." In the present case the plan of the parkway has been duly confirmed by the city, and if the proposed hotel property should be erected thereon as the trustees contemplate doing, it will have to be removed at the expense of the owner and without liability of the city to pay damages, if the Act of 1871 is valid legislation, and, if, there has been no taking within the meaning of the law. The Act of 1871 has remained in full force and effect from the date of its approval to the present time. Its constitutionality has never been successfully attacked. So far as we are advised its provisions have been uniformly enforced against all property owners affected thereby in the City of Philadelphia. For a period of almost forty-five years it has been accepted as a statutory rule binding alike upon municipal authori-

ties and property owners. This declared statutory policy of the law has been too long and firmly settled in Pennsylvania to justify a court in striking it down at this late day, unless in plain violation of the organic law, and we do not so regard it. In principle all of the decided cases in this State, and they are numerous, are adverse to the contention of appellant.

For the purposes of the present case, we do not deem it necessary to discuss at length the constitutionality of the Act of May 16, 1891, P. L. 75, which applies generally to the municipalities of the Commonwealth. This act, as well as others of like import, has been under consideration in many cases with the result that its validity has always been maintained. It may be, as learned counsel for appellant so ably contend, that the profession have assumed the constitutionality of the Acts of 1871 and 1891 to be a settled question without giving due consideration to our bill of rights and to the Fourteenth Amendment of the Federal Constitution. But whatever the reason, the fact cannot be gainsaid, that counsel and courts have accepted our decisions as finally settling this question. It would be a shock to the profession if it should now be determined for the first time that these acts were unconstitutional and void. Damages have been assessed upon the basis of their validity for a long period of years, and municipalities throughout the Commonwealth have plotted their streets and authorized their improvement upon the faith of this legislation. For the courts now to strike down these acts upon constitutional grounds would be an extreme exercise of judicial power, which nothing but plain and palpable violation of the organic law could justify. In our opinion the provisions of these statutes are not so plainly and palpably in violation of the Constitution as to require that they be stricken down after repeated decisions of this court upholding them. What was said by this court in Bush v. McKeesport, 166 Pa. 57, is applicable here:

"If the question, intended to be raised by appellants, were an open one, much might be said on both sides, but we think the underlying principle has been too long and firmly settled in this State adversely to plaintiffs' contention, to justify us in holding that any new principle was introduced, or change in the law effected, by the clause quoted. That clause is merely declaratory of the common law of the State as recognized in Forbes Street, 70 Pa. 125, and other cases."

The clause referred to is that provision of the Act of 1891 which declares that damages cannot be recovered for any buildings or improvements "placed or constructed upon or within the lines of any located street or alley, after the same shall have been located or ordained by councils." It is true that the effect of the bill of rights, and of the fourteenth amendment, was not discussed in that opinion, nor perhaps in the other cases in which the constitutionality of this and other similar acts are involved, but the underlying principle of the decisions necessarily covered the entire ground and is sufficiently broad to include every phase of the question. We see no escape from this conclusion and must regard the question here raised as settled in our jurisdiction. For discussion of different phases of the question by this court see the following cases: District of City of Pittsburgh, 2 W. & S. 320; Forbes Street, 70 Pa. 125; Whitaker v. Phœnixville Borough, 141 Pa. 327; Shaaber v. Reading City, 150 Pa. 402; Bush v. McKeesport, 166 Pa. 57. To this list may be added Harrison v. Philadelphia, 217 Fed. Repr. 107, in which the views of the Federal District Court are very fully presented in the opinion of Judge DICKINSON.

From an entirely different point of view the case at bar is against appellants on this appeal. The trustees propose to expend $150,000 out of the trust funds in their hands for the purpose of erecting a hotel property upon and otherwise permanently improving the lands in question. This proceeding must be regarded in the nature of

an application to a court, having jurisdiction of the subject matter, to authorize the improvements to be made, or at least to approve the expenditure of trust funds for this purpose. In such cases the court sitting as a chancellor has wide discretion and will not be reversed by an appellate court unless for clear abuse thereof. There was no such abuse in the present case; indeed what the court did was based on sound judgment. It is conceded that the trustees proposed to expend a large sum out of trust funds for permanent improvements upon lands plotted for public use and which might be taken for that purpose at any time, if indeed they had not already been so taken. It is quite evident that without regard to the form of the petition, the purpose was to have the court pass upon the propriety of making such an investment in view of all the circumstances of the case and the law relating thereto. When viewed in this light how could any court say that such an expenditure of trust funds was warranted, or that money so invested would yield reasonable returns for a period sufficiently long to justify the trustees in taking the chances of making the investment? The situation was complicated; the life of the proposed hotel indefinite; the right to compensation when taken by the city deemed uncertain; and every feature of the proposed investment in permanent improvements highly speculative under the facts of the case. It would have been most improper for the court under such circumstances to have authorized or approved either directly or indirectly the expenditure of trust funds in such a hazardous risk. The court in substance refused to approve such expenditures by enjoining the trustees from using trust funds in their hands for the purpose indicated. In this the learned court below exercised sound judicial discretion and did nothing to warrant a reversal of the decree.

The practical answer to most of the contentions made by appellants will be found in the opinion In re Parkway Opening this day handed down. That case points

the way for the solution of the vexed questions here pre-
sented for determination.

Decree affirmed at cost of appellants.