Philadelphia Parkway Opening.

Argued January 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. W. McWilliams,* with him *Charles S. Wesley,* of *Tustin & Wesley,* for appellant.—Appellant's property has been taken and injured for public use: Chelten Trust Co. v. Blankenburg, 241 Pa. 394; Parkway Case, 250 Pa. 257; Penna. Mut. Life Ins. Co. v. Cuyler, 283 Pa. 422; Sansom Street, 293 Pa. 483.

The Act of June 7, 1915, P. L. 894, is unconstitutional.

Where property is taken, in the constitutional sense, it is unconstitutional to postpone the right of damages for a period of five years: Chelten Trust Co. v. Blankenburg, 241 Pa. 394.

A serious interruption of the common and necessary use of property may be equivalent to the taking of it, and under constitutional provisions it is not necessary that the land should be actually taken: Head v. Mfg. Co., 113 U. S. 26; Pa. Ry. v. Miller, 132 U. S. 83; U. S. v. Alexander, 148 U. S. 187.

The Act of June 7, 1915, P. L. 894, is defective: Penna. Ry. v. Riblet, 66 Pa. 164; Com. v. Benefit Assn., 171 Pa. 465; Com. v. Beatty, 15 Pa. Superior Ct. 5; Dorsey's App., 72 Pa. 192; Com. v. Hazen, 207 Pa. 52; Bennett v. Sullivan, 29 Pa. Superior Ct. 120; Strain

v. Kern, 277 Pa. 209; Provident L. & T. Co. v. Hammond, 230 Pa. 407.

*G. Coe Farrier*, Assistant City Solicitor, with him *Joseph F. Murphy*, Assistant City Solicitor, and *Augustus Trask Ashton*, City Solicitor, for appellee.—Appellant's property has not been taken, injured or destroyed without securing compensation: Volkmar St., 124 Pa. 320; Whitaker v. Boro., 141 Pa. 327; Brower v. Phila., 142 Pa. 350, 356-7; Ogden v. Phila., 143 Pa. 430, 434; O'Brien v. R. R., 119 Pa. 184, 190; Jones v. Boro., 144 Pa. 638, 648; Bush v. McKeesport, 166 Pa. 57, 60.

The Act of June 7, 1915, P. L. 894, is constitutional and not violative of art. III, section 3, of the state Constitution: Com. v. Puder, 67 Pa. Superior Ct. 11; Allegheny County Home's App., 77 Pa. 77; Allegheny City v. Moorehead, 80 Pa. 118; Mauch Chunk v. McGee, 81 Pa. 433, 437; Dewhurst v. Allegheny City, 95 Pa. 437, McGee's App., 114 Pa. 470, 478; Hatfield v. Com., 120 Pa. 395, 404; Com. v. Hanley, 15 Pa. Superior Ct. 271, 281; Com. v. Ayers, 17 Pa. Superior Ct. 352.

The title need not embody all the distinct provisions of the bill in detail, nor, as has been said, serve as an index or digest of its contents: Sugar Notch Boro., 192 Pa. 349; Rockhill I. & C. Co. v. County, 204 Pa. 44; Rose v. County, 204 Pa. 372; Com. v. Jones, 4 Pa. Superior Ct. 362.

OPINION BY MR. JUSTICE FRAZER, February 11, 1929:
The Hahnemann Medical College and Hospital purchased in 1925 properties abutting on the Parkway in the City of Philadelphia. A short time thereafter the city, by ordinance, authorized the board of surveyors to revise the lines of the Parkway so as to appropriate an additional strip, or about forty per cent of this property owned by the hospital, to make corresponding changes in the lines and grades of adjacent and intersecting streets. Pursuant to this ordinance the board

of surveyors plotted on the city plan the Parkway as thus enlarged.

No ordinance to open the Parkway as so enlarged was passed and no steps were begun by the city to take actual possession of the land within the extended lines. The hospital then filed a petition for the appointment of viewers to assess the damages, alleging that, by reason of the appropriation of this part of its property, petitioner was prevented from making improvement or use of the balance in such manner as the value of the location and the city restrictions and limitations required, and was also precluded from obtaining a permit from the bureau of building inspection and other municipal authorities for the erection on the portion of its property, within the lines as newly confirmed, of any building which would be adapted for business or institutional purposes, and thus prevented from making ordinary use of their property and were deprived of the right to make such improvements thereon as would produce a financial return sufficient to pay carrying charges. The court below refused to appoint viewers and dismissed the petition on the ground that the extension of the Parkway did not make such addition part of the original improvement and entitle petitioners to immediate damages within the rule laid down in Philadelphia Parkway, 250 Pa. 257, and, further, that petitioner's rights were controlled by the Act of June 7, 1915, P. L. 894, whereby owners of land within the lines of the Parkway, in absence of an ordinance opening the street, must wait the action of the city for a period of five years from the time the land is plotted before the right to compensation arises. From the decree so entered, petitioners have appealed.

The general rule, supported by a long line of cases, is that the mere plotting of a street on a city plan does not constitute a taking in the constitutional sense, so as to give abutting owners the right to have damages assessed. See Sansom Street, Caplan's App., 293 Pa.

483, 488. An exception to this rule was made in Philadelphia Parkway, supra, on the ground that what the city had actually done toward carrying out the plan of the parkway was equivalent to notice to the property owners that their land was about to be appropriated for parkway purposes and that the parkway would be opened and completed, the city having committed itself to the opening by a series of acts more expressive of intent and of a fixed purpose than could be indicated by a resolution to open, without more; hence the acts of the city constituted a taking in the constitutional sense without the passage of a formal ordinance. We also said in that case that the parkway must be regarded as one entire public improvement, and it is this statement on which appellant relies in support of its argument that the case must control here because appellant is in the same situation so far as the use of its property is concerned, as were abutting property owners in the Parkway Case. Whether this is true under the facts here involved, or whether the decision in the Parkway Case applies only to the Parkway as originally laid out, and not to subsequent widening or additions, need not be considered at this time inasmuch as the legislature, by the Act of June 7, 1915, P. L. 894, undertook to prevent a recurrence of the situation which arose in the Parkway Case by providing that, in absence of actual appropriation at an earlier date, the placing of a park or parkway on the city plan shall be considered an appropriation of the land to public use at the expiration of five years from the date of confirmation of such plan, with the same effect as if the land had been appropriated for public park purposes or the parkway had by ordinance been duly opened to public use. This act places a maximum period of five years during which the city may remain inactive. At the expiration of that time, it must pay damages, unless, in the meantime, the ordinance placing the parkway on the city plan shall have been repealed.

Appellant contends, however, that the act is unconstitutional in attempting to postpone the right of the property owner to damages even for a limited period in cases where the city's acts amount in effect to a taking of property within the rule applied in the Philadelphia Parkway Case; that a postponement of payment for a period of five years or for any other time constitutes a deprivation of property without due process of law and without compensation within the state and federal constitutions. This argument would have considerable weight were it not for the fact that we have repeatedly held that a plotting of a street is not a taking of property within the constitutional provision, even though the abutting owner is thereby prevented from making full use of his property, or does so at his own risk.

The effect of the Parkway Case is to hold that a delay of ten or eleven years under the particular circumstances there involved, without such formal act by the city as would entitle the property owner to claim damages, was an unjust deprivation of property without compensation for an unreasonable time, a "condition of affairs which should not be permitted to continue indefinitely without redress to property owners who are injured thereby" (page 265). The legislature, by the Act of 1915, has seen fit to further limit the power of the municipality by restricting its locus penitentiae to a period of time less than half of what was present in the Parkway Case. The act is accordingly beneficial to the property owner, and designed to protect his rights, rather than to deprive him of them.

The title of the Act of 1915 is sufficient to give notice of its contents. It is entitled an act "relating to and regulating the plotting by cities of the first class of parks and parkways in built up sections thereof." Section 1 of the act provides that placing a parkway on a city plan shall be considered an appropriation of the land to public use at the expiration of five years from

the date of such plotting unless an ordinance making
an actual appropriation shall have been passed previous
to the expiration of that time. Section 2 provides that
the appropriation for public use of the land within the
lines of a parkway already plotted or planned shall
take effect at the expiration of three years from the
approval of the act. The third section secures to prop-
erty owners the right to alter buildings existing within
the lines of the parkway in accordance with plans ap-
proved by the bureau of building inspection or other
municipal authorities, and authorizing them to recover
damages for such alterations as of the date of appro-
priation. All these provisions are reasonably within
the scope of the provisions of the title "relating to and
regulating the plotting......of parks and parkways."
Notice is thus given that it is the plotting of the park-
ways that is dealt with in the title of the act, and the
limitation in section 1 is one of the incidents of plotting.
All that is required in the title of an act is that it be
sufficient to fairly give notice of its subject-matter so
as to reasonably lead to an inquiry as to the provisions
in the body of the legislation. A notice that the act
related to and regulated the plotting of the parkway
sufficiently covers the provision controlling the effect
of the plotting and the time within which that act should
be deemed an actual taking of the land included in the
improvement.

The judgment is affirmed.