## Scattergood, Appellant, *v.* Lower Merion Township Commissioners.

Argued January 24, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Grover C. Ladner,* with him *Maxwell Strawbridge,* for appellant, cited: Widening of Chestnut Street, 118 Pa. 593; Caplan's App., 293 Pa. 483.

*Franklin L. Wright,* with him *Homer H. Hewitt, Jr.,* for Williams, Brittain & Sinclair, appellee, cited: Smedley v. Erwin, 51 Pa. 445; District of City of Pittsburgh, 2 W. & S. 320; Philadelphia Parkway, 250 Pa. 257; Devlin v. Phila., 206 Pa. 518; Herrington's Petition, 266 Pa. 88; White's App., 287 Pa. 259.

OPINION BY MR. JUSTICE LINN, March 20, 1933:

On the petition filed in 1930 by appellant, whose property abuts on City Avenue in Lower Merion Township, Montgomery County, viewers were appointed to assess damages on averments that part of his frontage was taken to widen the avenue. Thereafter, on petition of the township (of the first class) alleging that appellant's petition disclosed that no land had been taken, as averred, or that the township was otherwise liable, the appointment of viewers was revoked and the proceeding quashed. This appeal followed.

We shall assume, for present purposes, that, pursuant to the Act of April 21, 1855, P. L. 283, entitled "An act for the defining the boundary between the City of Philadelphia and Montgomery County," City Avenue was physically opened fifty feet wide, its center line being the boundary between the city and the county.

Section 16 of the Act of May 13, 1856, P. L. 567, provided "That so much of City Avenue, between the city of Philadelphia and Montgomery County......is hereby widened to eighty feet, taking an equal quantity of ground on each side of said road as so surveyed for future footways: Provided, That such widening shall not take place by an actual taking of the ground there-

for between fifteen years from the date hereof, without the consent of the owners."

In his petition appellant averred that on December 3, 1927, he owned a lot or lots on City Avenue, and that by ordinance of December 27, 1923, the township directed its superintendent of highways to "place on the township plan of streets City Avenue from the Schuylkill River to the Delaware County Line of the width of eighty feet, the northwesternmost portion thereof being within the Township of Lower Merion and the southeasternmost portion thereof within the City and County of Philadelphia, being the full width of said City Avenue as established by the said Act of Assembly approved May 13, 1856, and that the northwesternmost line of said City Avenue as so authorized and established be and is hereby fixed as the building line thereof within this township." His averment continued that the avenue was placed on the plan, and that "on December 3, 1927, he applied for a building permit for six business properties"; that a "permit was issued to him in accordance with the new building line as fixed by the ordinance ......and......that the adoption of such building line caused him to lose the use, value and occupation of a strip of land fifteen feet wide for the length of his property......[which is]......an injury and destruction, and a taking of [his] property." He also alleged that, some distance away, City Avenue has been physically widened to the width of eighty feet (by the joint action of the county and the city) "and that although the part of road immediately in front of petitioner's property, has not yet been physically widened, nevertheless, he has been deprived of the right to build within the new line, and he has, therefore, been deprived of his property and valuable property rights and has suffered damage and injury from December 3, 1927, the date of the refusal to issue any but a restricted building permit hereinbefore referred to."

The township contends that the words from section 16 "and said avenue is hereby widened to eighty feet, taking an equal quantity of ground on each side of said road as so surveyed for future footways: Provided, that such widening shall not take place by an actual taking of the ground therefor before fifteen years from the date hereof, without the consent of the owners," constituted a taking of the land at that time, and that it must now be presumed (Lenhart v. Wright, 286 Pa. 351, 133 A. 495) that resulting damages have long ago been paid, or that the right to recover them has long been barred (Act of June 13, 1836, P. L. 555).

We cannot accept the contention. If we assume the word "taking" sufficient to support the argument, we must also agree that the force of the argument is destroyed by the proviso that the "widening shall not take place by an actual taking of the ground therefor before fifteen years......without the consent of the owners." For, if it may be taken after fifteen years, "without the consent of the owners," the time of taking was necessarily left for the future. The effect of the statute was to plot City Avenue of the width of eighty feet, fifteen feet on each side of the avenue as then opened. See Brower v. Phila., 142 Pa. 350.

We do, however, agree with the other position taken by the township—that there has been no taking within the accepted legal sense; when there shall be, section 485 of the Township Code, and section 640, amended 1929, P. L. 654, provide for the payment of damages suffered.

Appellant contends "that the adoption of the new building line......is a taking of a strip of his property fifteen feet wide." The township was authorized to adopt a building line: Act of June 29, 1923, P. L. 949; section 1 of Act of June 29, 1923, P. L. 957. The effect of the ordinance was merely to record on the township street plan what the statute had provided.

It has long been the general rule in this State that plotting a street on a municipal plan is merely "an inchoate taking of......property" (Sedgeley Ave., 88 Pa. 509, 514) and that an owner cannot obtain compensation until the taking is completed by proceedings to open (or to widen) the street physically, and that if meanwhile he build on, or otherwise improve, such plotted portion of the street he may not recover compensation for improvements so made: Pittsburgh City District, 2 W. & S. 320; Forbes Street, 70 Pa. 126, 137; Bush v. McKeesport, 166 Pa. 57, 30 A. 1023; Griffith v. New Castle, 88 Pa. Superior Ct. 439; Philadelphia Parkway Opening, 295 Pa. 538, 541, 145 A. 600. The mere refusal to grant the desired building permit, unless appellant first released the right to claim damages for improvements he might make within the plotted lines, was therefore not a taking authorizing immediate compensation; it was mere warning that appellant might sustain financial loss by disregard of a well settled provision of law. Building within the plotted lines was penalized by section 625 of the Township Code, amended May 16, 1921, P. L. 634, providing "No person shall be entitled to recover any damages for any improvements placed or constructed within the lines of any street or alley after the same has been located or ordained on the plan provided for by this section."

As the application of the general rule would require affirmance of the order appealed from, appellant contends that, instead, we should apply to his case either of two rules developed out of special statutory proceedings applicable to the opening and widening of streets in Philadelphia. He asks that the rule applied in Sansom Street, Caplan's App., 293 Pa. 483, 143 A. 134, be applied. The steps taken by the city left Caplan with an improvable frontage of only two feet six inches at the street level in circumstances in which it was impossible to make any use whatever of his lot. It was held that such deprivation of use was injury compensable under

article XVI, section 8, of the Constitution. Appellant has not brought his case within that rule. He has built the houses in accord with his building permit and is enjoying the use of his property, including the use of the fifteen feet as he enjoyed it before building, and as he may continue to enjoy it until the township takes it. For the same reason, the so called Chestnut Street widening cases cannot help him. They also result from unusual circumstances, specially dealt with by the legislature, and by city councils: Phila. v. Linnard, 97 Pa. 242; In re Chestnut Street, 118 Pa. 593, 12 A. 585; Brower v. Phila., 142 Pa. 350, 21 A. 828. In both classes, as also in the Philadelphia Parkway Cases, 250 Pa. 257, 95 A. 429, and 295 Pa. 538, 145 A. 600, and referred to in the argument, the State and the city dealt with built up sections of a large city requiring exceptional treatment, whereas appellant's property is suburban in a class to which the general rule applies.

Order affirmed.