# Bradford, Appellant, *v.* New York and Pennsylvania Telephone & Telegraph Company.

*Telegraph and telephone companies—Municipalities—Laches—Estoppel —Equity.*

A bill in equity filed by a municipality to compel a telegraph and telephone company to remove poles and wires from the streets is properly dismissed on the ground of the plaintiff's laches, where it appears that the municipality had permitted the defendant and its predecessors to occupy the streets with poles and wires for more than twenty-one years; that without protest or objection the municipality had stood silently by while the defendants spent from $75,000 to $100,000; that by numerous resolutions passed by both branches of council, and many of them duly approved by the mayor, consent had been given to the erection and use of the poles, cross arms, etc., on the streets and highways of the city; that, for the privileges extended by it to the defendants, it had received a valuable consideration in the use of the poles for the carrying of the wires of its fire alarm service; that it had received and duly receipted for license and pole taxes assessed against the defendants; that it had used the telephone instruments furnished by the defendants down to the date of the hearing; that it had by general ordinances, regularly passed, approved and published, regulated the manner in which the poles should be erected and placed; that a consideration to the city in extending privileges to the defendants was a reservation of " the topmost gain " for police and fire-alarm wires; and that the city had permitted all the poles of the defendants to be erected under the direction of either the street committee of council, the street commissioner or the city engineer.

Argued May 4, 1903.   Appeal, No. 187, Jan. T., 1902, by plaintiff, from decree of C. P. McKean Co., Oct. T., 1901, No. 1, dismissing bill in equity, in case of Bradford v. New

York and Pennsylvania Telephone and Telegraph Company and the Pennsylvania and New York Telephone and Telegraph Company.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for an injunction.   Before MORRISON, P. J.

The bill alleged the incorporation of the plaintiff as a city of the third class, the incorporation of the defendant, the Pennsylvania and New York Telephone and Telegraph Company under the general corporation act of April 29, 1874, its supplements and amendments, with particular reference to the Act of May 1, 1876, P. L. 90, as amended by the Act of June 25, 1885, P. L. 164.

It alleged the incorporation of the defendant, the New York and Pennsylvania Telegraph and Telephone Company, under the laws of the state of New York.

It further alleged that by the acts of assembly under which the defendant, the Pennsylvania and New York Telegraph and Telephone Company is incorporated, that defendant is authorized to use and occupy the streets of the city for the purpose of constructing and maintaining telephone lines only after consent obtained from the city by ordinance.   That the defendant, the New York and Pennsylvania Telephone and Telegraph Company is without authority under any circumstances to erect or maintain poles or wires on the streets of the plaintiff city.

It further averred that the defendant companies have erected and are maintaining a large number of poles in the city and have strung and placed thereon a large number of wires and cables without warrant of law or permission from the city of Bradford, and are using the same for the purpose of carrying on a telephone business and operating a telephone exchange in said city, and are continually placing new obstructions in the plaintiff city by erecting new poles and stringing new wires; that the poles so erected are owned by the Pennsylvania Corporation, the Pennsylvania and New York Telephone and Telegraph Company, and leased by them to the New York corporation, the New York and Pennsylvania Telegraph and Telephone Company, and that the plaintiff city required the defendants to remove their poles and wires from the streets

of said city, but the defendants have refused so to do. The bill asked that the defendants be restrained from erecting any new poles or stringing any new wires upon the streets of the plaintiff city and that they be required to remove the poles, wires and cables in place or erected by them.

The answer admitted the incorporation of the plaintiff city and the incorporation of the defendants as alleged in the bill; but denied that the Pennsylvania corporation comes within the provisions of the act of May 1, 1876. The defendants admitted having a large number of poles and wires on the streets of said city, as alleged in the bill, but denied that they were erected without consent of the city, and averred that the defendants are the owners of certain franchises and rights to erect and maintain poles and wires upon the streets of the plaintiff city, pursuant to the contract between the city and the Bradford Telephone Exchange made in 1879, to whose right the defendants have succeeded.

The answer averred that in pursuance of said contract, the Bradford Telephone Exchange erected a large number of poles, and strung wires upon the streets, which are now a part of the system of the defendant companies, and that the plaintiff city is now and has been, since the inception of said system, using the poles thereof for the carrying of the wires of its fire alarm system.

It averred that all poles erected and all wires strung by defendant companies were erected and strung by the proper permission of the proper authorities of the plaintiff city.

It averred that the plaintiff city had recognized the defendant companies by imposing upon them and collecting from them certain licenses from time to time.

It further averred that the defendants and their predecessors in title have exercised the rights and privileges, which they are now claiming, for a period of twenty-one years previous to the filing of the bill in this case.

It further averred that the defendant companies are engaged in interstate commerce, and are therefore entitled to the privileges and immunities granted by the constitution and laws of the United States, and further denied that the plaintiff city is entitled to the relief prayed for.

From the facts found the court held as a conclusion of law

that the city had been guilty of laches and accordingly dismissed the bill.

*Error assigned* was decree dismissing the bill.

*W. E. Burdick* and *F. P. Schoonmaker*, for appellant.—The commonwealth cannot be charged with laches : Com. v. Erie & N. E. R. R. Co., 27 Pa. 339.

*George A. Berry* and *John G. Johnson*, with them *D. H. Jack* and *Robert L. Edgett*, for appellees.—The city was estopped by its laches, acquiescence and contract relations : Pottsgrove Twp. v. Penna. Schuylkill Valley R. R. Co., 2 Montgomery, 133; High on Injunctions, sec. 836 ; Atty. General v. Del.; etc., R. R. Co., 27 N. J. Eq. 1 ; Atty. General v. Brown, 24 New Jersey Eq. 89; Easton & McMahon v. R. R. Co., 24 N. J. Eq. 49; Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62 ; Com. v. Turnpike Co., 153 Pa. 47 ; Carlisle, etc., Ry. Co. v. Phila. H. & P. R. R. Co., 199 Pa. 532; Heilman v. Ry. Co., 175 Pa. 188 ; Blakely Boro. v. Del. & H. Canal Co., 2 Lack. L. N. 59 ; Becker v. L. & M. St. Ry. Co., 188 Pa. 484; Spahr v. Farmers' Bank, 94 Pa. 429 ; Johnston v. Loan Assn., 104 Pa. 394 ; Irvine v. Bank, 2 W. & S. 190 ; Collins v. Traction Co., 5 Pa. Dist. Rep. 18 ; Millvale Boro., 162 Pa. 374 ; Amberson Ave., 179 Pa. 634 ; Mfg. Co. v. Allentown, 153 Pa. 319.

OPINION BY MR. JUSTICE BROWN, July 9, 1903 :

Under nine different heads, the court below passed upon twelve distinct questions regarded by it as involved in the decision of this case, and counsel for appellant and appellees discuss them in most elaborate printed arguments ; but, as it is clear to us that the long acquiescence of the city of Bradford in what was done by the appellees and their predecessors, and its laches in filing this bill, are conclusive against its right to do so, no other question need or will be considered here.

In the court's eighth conclusion of law there is a summary of material facts, which were fairly found from the testimony. They are, that the borough of Bradford and the city of Bradford, its corporate successor, had permitted the defendants and

their predecessors in ownership for more than twenty-one years to occupy the streets and highways of the said borough and city with poles and wires; that, without protest or objection, the borough and city stood silently by while the defendants were, during this period, making, in good faith, an expenditure of from $75,000 to $100,000; that, by numerous resolutions passed by both branches of council, and many of them duly approved by the mayor, consent had been given to the erection and use of the poles, cross arms, etc., on the streets and highways of the city; that, for the privileges extended by it to the defendants, it had received a valuable consideration in the use of the poles for the carrying of the wires of its fire alarm service ; that it had received and duly receipted for license and pole taxes assessed against the defendants; that it had used the telephone instruments furnished by the defendants down to the date of the hearing in the court below ; that it had, by general ordinances, regularly passed, approved and published, regulated the manner in which the poles should be erected and placed ; that a consideration to the city in extending privileges to the defendants was a reservation of " the topmost gain " for police and fire alarm wires, and that the city had permitted all the poles of the defendants to be erected under the direction of either the street committee of council, the street commissioner or the city engineer.    In view of this acquiescence in what, at this late day, is complained of, a chancellor would unhesitatingly dismiss the bill, if the complainant were an individual.    Ought any other rule to be applied to this city ?

While the authorities with us are not numerous in holding that laches may be imputed to the commonwealth and municipalities in denying them equitable relief which might otherwise be granted, the rule that it can be imputed to the public is clearly laid down in several cases.    " Laches may be imputed to the commonwealth as well as to an individual : "    Commonwealth ex rel.    Attorney General v. Bala and Bryn Mawr Turnpike Co., 153 Pa. 47.    In Penna. R. R. Co. v. Montgomery Co. Pass. Ry. Co., 167 Pa. 62, we said : " But we know as matter of current history that street railways have been projected, and actually constructed, and are now in operation, over country roads where no legal consent has been obtained, and

where no attention has been paid to the rights of property holders. Such railways cannot now be torn up or enjoined either by the township officers or at the instance of landowners along their routes. Where such enterprises have been allowed to proceed and the expenditure of large sums of money has been permitted, it would be inequitable to correct at this time what was a mutual mistake under the influence of which these enterprises have been pushed to completion." What was said in Attorney General v. Delaware and Bound Brook Railroad Co., 27 N. J. Eq. 1, in denying an injunction asked for by the state, may well be regarded as applicable to the facts in the present case: "The work has been, from its commencement, a matter of public notoriety, and yet no action has been taken on the part of the state authorities, nor even any warning uttered by them against the work. The defendants have been permitted to make their immense expenditure upon their enterprise, in the confidence of their convictions that they possessed all requisite legislative authority, without even a word of protest or remonstrance. Under such circumstances, equity will refuse its aid, even to the state." A stronger case of delay or acquiescence is necessary to prevent equitable relief when sought for by the state than when a mere private right is involved; but the doctrine is applied against the public in a proceeding by the attorney general: High on Injunctions (3d ed.), sec. 837. In the present case, the acquiescence and the laches of the appellant are clearly in the way of any equitable relief to it. We pass upon no other question.

Decree affirmed and appeal dismissed at appellant's costs.