# Bailey's Estate.

*Practice, O. C.—Bill of review—Commonwealth—Laches.*

1. While the statute of limitations does not run against the Commonwealth, laches may be imputed to her as well as to an individual.

2. The auditor general filed a petition to open, review and set aside the confirmation of an auditor's report, awarding distribution of a fund in the hands of an administrator, on the ground that there was error in allowing the administrator credit for the amount he paid the informant of an escheat; the petition was not filed until more than nine years after the confirmation of the adjudication, and the persons who had knowledge of the facts were dead. *Held,* the petition was properly dismissed.

Argued April 21, 1913. Appeal, No. 335, Jan. T., 1912, by Commonwealth of Pennsylvania, from decree of O. C. Blair Co., 1911, No. 403, dismissing bill of review In re Estate of Cyrus W. Bailey, late of Altoona City, Blair County, Pennsylvania, deceased. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to open, review and set aside confirmation of auditor's report. Before BALDRIDGE, P. J.

The opinion of the Supreme Court states the facts.

The Orphans' Court made a decree dismissing the petition of the auditor general to open, review and set aside the confirmation of an auditor's report, awarding distribution of a fund in the hands of an administrator. The Commonwealth appealed.

*Error assigned* was the decree of the court.

*J. Lee Plummer,* for appellant.

*E. W. Arthur,* with him *W. S. Thomas,* for appellee.

PER CURIAM, May 22, 1913:

This appeal is from an order of the Orphans' Court dismissing a petition by the auditor general to open, review and set aside the confirmation of an auditor's report, awarding distribution of a fund in the hands of an administrator. It is alleged in the petition that there was error in allowing the administrator credit for the amount he paid the person who first informed the auditor general of the fact of an escheat and procured the evidence to substantiate it.

Cyrus W. Bailey died in 1895 intestate and without known heirs or kindred. In the same year letters of administration were issued and a decree was made awarding the estate to the escheator. In 1897 the report of the auditor of the account of the administrator was filed. To this report the auditor general filed a number of exceptions, one of which was to the amount awarded to the informant. The report of the auditor was recommitted to him and he declined to reduce the amount of the credit taken by the administrator, and reported that the payment to the informant was made by the administrator with the approval and at the direction of the agent of the auditor general. His finding was approved by the Orphans' Court and his report was confirmed absolutely in July, 1902. No appeal was taken from the decree of the court and no question as to its correctness was raised until August, 1911. In the meantime, persons who had a knowledge of the matter, including the auditor who passed upon the account and the judge who confirmed his report, had died, the administrator had absented himself from the jurisdiction, and the burden of explanation and defense of a proceeding that had closed nine years before, with the apparent approval of all parties in interest, was thrown on the bondsman of the administrator. In amount the payment made to the informant was in strict literal compliance with Section 24 of the Act of May 2, 1889, P. L. 66, and it was made in entire good faith. Whether this section would not ad-

mit of a construction more favorable to the Commonwealth is by no means free of doubt. But whether the amount paid was excessive or not, the payment was directed by the agent of the auditor general, approved by the Orphans' Court and acquiesced in by the Commonwealth's officers for over nine years and when a review was asked for, the conditions had so changed that it would have been inequitable to have granted it.

The decree of the Orphans' Court dismissing exceptions filed and confirming the auditor's report was an adjudication at law of the exact question now raised and no reason is assigned for a review that was not presented at the original hearing. The Commonwealth had its day in court and its remedy by appeal and it should not now be allowed to enlarge or renew the statutory period for appeal by a bill of review: Sherwood's Est., 206 Pa. 465. While the statute of limitations does not run against the Commonwealth, laches may be imputed to her as well as to an individual: Com. v. Turnpike Co., 153 Pa. 47.

The order is affirmed at the cost of the appellant.