# Pittsburgh, Appellant, *v.* Pittsburgh & West Virginia Ry. et al.

*Municipalities—Vacation of street — Lost records — Decree of quarter sessions—Estoppel against city—Acquiescence—Erection of improvements on vacated portion of street—Laches.*

1. Where the original records of the court of quarter sessions of the vacation of a street have been lost, but the docket entries and the decree show the vacation of the street without limitation as to the width to be vacated, the city will not be permitted to assert that the decree should be limited only to a portion of the width, where it appears that all of the street was in fact located within the terminal limits named in the decree, that the city stood by, and for forty years allowed buildings to be erected and maintained on the street vacated, issued permits for the erection of buildings of great value, and assessed taxes on such buildings and collected the same.

2. Laches may be imputed to a municipality in such case.

Argued March 19, 1925.   Appeals, Nos. 55 and 56, March T., 1925, by plaintiff, from decrees of C. P. Allegheny Co., Jan. T., 1919, Nos. 491 and 492, dismissing bills in equity, in case of City of Pittsburgh v. Pittsburgh & West Virginia Railway Co. et al.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bills to compel vacation of land.  Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Bills dismissed.   Plaintiff appealed.

*Errors assigned* were, inter alia, decrees, quoting record.

*Thomas M. Benner,* First Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, and *S. M. Soffel,* Assistant City Solicitor, for appellant.

*William Watson Smith,* of *Gordon, Smith, Buchanan & Scott,* for appellees, Pittsburgh Terminal Warehouse & Transfer Co., and A. M. Byers Co., Eben M. Byers Co., Eben M. Byers, John Frederick Byers, J. Denniston Lyon, Maude Byers Lyon and Peoples Savings and Trust Co. of Pittsburgh, Trustee.

*A. Leo Weil, Sr.,* of *Weil, Christy & Weil,* for appellees, Dilworth, Porter & Company.

*John M. Freeman,* of *Watson & Freeman,* with him *James E. MacCloskey, Albert C. Hirsch* and *H. F. Stambaugh,* for trustees of estate of James G. Pontefract, deceased.

*John S. Wendt,* for appellees, Pittsburgh & West Virginia Railway Co. was not heard.

*Reed, Smith, Shaw & McClay,* for appellees, Pittsburgh & Lake Erie Railroad Co. and for American Steel & Wire Co.

*Dalzell, Fisher & Dalzell,* for appellees, Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. and for Pittsburgh, Virginia & Charleston Railway Co. and Pittsburgh & White Hall Railroad Co.

*Henry O. Evans,* for appellee, Oliver Iron & Steel Co., was not heard.

*H. V. Blaxter,* for appellee, A. Garrison Foundry Co., was not heard.

OPINION BY MR. JUSTICE SCHAFFER, April 13, 1925:

These bills in equity were filed by the City of Pittsburgh to compel the vacation by defendants of land which the municipality claims is within the limits of a public street called Water Street. The court refused to grant the relief desired by the city and entered a decree dismissing the bills, from which it has appealed.

While a number of questions are presented for our consideration, we think one of them goes to the root of the controversy and is controlling. At No. 31 December Sessions, 1881, in the Court of Quarter Sessions of Allegheny County, a petition was presented for the vacation of Water Street, between 10th Street and the property of Knox, Kim & Company (the section of the street in question) on the ground that the part of it proposed to be vacated had not been used for many years as a public highway and was useless for that purpose. A decree vacating the street was entered on April 15, 1882. It is the contention of the city that this decree should be limited to that portion of the width of the street south of the south line thereof as relocated by the Borough of Birmingham (now a part of the City of

Pittsburgh) and the City of Pittsburgh,—that this was the only part of the street covered by the proceeding.

The original records in the proceeding are lost and what remains are only the docket entries and the decree. The latter sets forth "That the part of Water Street proposed to be vacated has not been used for many years as a public highway and is useless for that purpose and it is ordered, adjudged and decreed that that part of Water Street between Tenth Street and the line of property of Knox, Kim & Company in the 29th and 30th Wards of the City of Pittsburgh, shall be and remain and the same is hereby declared to be vacated." There is no limitation in the decree as to the width of the street to be vacated; it applied to the entire street within the terminal points named therein. There is no dispute that, following the decree, all of the street was actually vacated and that defendants have constructed thereon improvements running in value into millions of dollars. It is further undisputed that the city has acquiesced in the construction of the decree which permitted the occupation of the land by defendants, not only standing by and allowing buildings to be erected thereon, but also by issuing permits for the erection thereof, assessing them and the land on which they are built for the purposes of taxation and receiving and collecting from the defendants taxes thereon.

Under these circumstances, it would be most inequitable and unjust to adopt a construction of the decree different from that heretofore acquiesced in by the city, the effect of which would be to do irreparable damage to defendants, by depriving them of land which they and their predecessors in title have been occupying for more than forty years, and of buildings erected thereon of great value. What was said in Com. v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, 53, can well be repeated as it covers in principle the situation present in the pending case: "The decree stands unreversed and unappealed from......Upon the faith of this decree, the defend-

ant has expended a large amount of money without any warning on the part of the Commonwealth of any objection on her part. The defendant company was acting under color of authority, in pursuance of a decree of one of the Commonwealth's own courts, and it seems ungracious on the part of the Commonwealth, after permitting the company to expend a large amount of money, ......to question years afterwards the regularity of the proceedings under which the expenditure was made. ......Laches may be imputed to the Commonwealth as well as to an individual." "If the Commonwealth may be charged with laches, clearly a municipality is not immune": Pittsburgh Railways Co. v. Carrick Borough, 259 Pa. 333.

The decrees of the court below dismissing the plaintiff's bills are affirmed and it is directed that the plaintiff shall pay the costs.