Commonwealth ex rel. Coghlan, District Attorney, *v.* Beaver Falls Council, Appellants.

Argued September 30, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*E. Y. Calvin*, with him *Leonard L. Ewing*, for appellants.

*Lawrence M. Sebring*, with him *William Coghlan*, District Attorney, for appellee.

Opinion by Mr. Justice Horace Stern, November 8, 1946:

This action is an attempt to compel a city to perform retroactively a duty which should have been performed by it during the course of preceding years. Viewed academically an order compelling such performance might be justified, but from a realistic standpoint such relief would, under the circumstances, be extremely inequitable.

Beaver Falls is a city of the third class, organized as such in 1930. Article XLIII of the Third Class City Law of June 23, 1931, P. L. 932, provides for the establishment of a Police Pension Fund. It directs, section 4301, that such cities "shall establish, by ordinance, a police pension fund, to be maintained by an equal and proportionate monthly charge against each member of the police force, which shall not exceed annually three per centum of the pay of such member; . . ." Section 4305 provides that "There shall be paid annually to the organization or association, constituting and having in charge the distribution of police pension funds in every [such] city, a sum of money not exceeding one per centum of all city taxes collected by the city, other than taxes levied to pay interest on or extinguish the debt of the city or any part thereof". By the amendatory Act of July 12, 1935, P. L. 722, the latter provision was changed to require the city to pay to the fund "a sum of money not less than one-half, nor more than one per centum of all [such] city taxes".

In 1939 the city of Beaver Falls enacted an ordinance purporting to create "The Beaver Falls Police Retirement Fund Association" in order to carry out these statutory mandates, but because of defects in some of its provisions, here immaterial, this ordinance was declared invalid by the Court of Common Pleas of Beaver County. On May 12, 1941, the council passed a new ordinance establishing a "Police Pension Fund Association of Beaver Falls" and from then on the city has been making deductions of 3% from the wages of the policemen for the benefit of the fund and has itself contributed annually ½% of the taxes, that being the minimum stipulated in the Act of 1935.

In 1943 one Davidson, a police officer of the city, petitioned the court for a writ of mandamus against the members of the city council directing them to show cause why they should not make retroactive payments to the pension fund for the years from 1931 to, and including,

1941. The court quashed this writ on the ground that Davidson had no legal standing to prosecute it, and this ruling was upheld in *Davidson v. Beaver Falls Council,* 348 Pa. 207, 34 A. 2d 505. Thereupon the present proceedings were instituted, this time in the name of the Commonwealth of Pennsylvania ex rel. William Coghlan, District Attorney of Beaver County. The petition prayed for a writ of alternative mandamus directed to the members of the council to show cause why they should not cause 3% of the salary of each member of the police force for the years 1931 to 1941 to be paid into the fund, and also to pay into it 1% of the city taxes, or, in the alternative, why they should not exercise their discretion and determine the amounts which should have been paid during those years. The court denied the relief prayed for except to the extent of ordering the councilmen to exercise their discretion and make contributions to the fund on behalf of the city for the years from 1936 on,* in amounts of not less than ½% nor more than 1% of the annual taxes. From that order defendants now appeal. The Commonwealth does not appeal from the court's refusal to grant its prayer with respect to the payment of the amounts which should have been paid by the policemen or with respect to the payment of the city's own contributions for any years prior to 1936.

Undoubtedly, when a public official is vested by statute with a discretionary power, although the court

---

* The court took the position that, until the Act of 1935 went into effect, the councilmen were not obliged to make *any* contribution to the fund and therefore they could not be mandamused to act, whereas, from 1936 on, they could be compelled to contribute at least ½% of the tax collections. It is somewhat difficult, however, to see any logical distinction between the power and propriety of ordering them to exercise their discretion within the range of from ½% to 1% of the taxes and the power and propriety of ordering them to exercise it within the range of from 0% to 1%, even though in the latter instance the councilmen might decide, in the exercise of their discretion, not to contribute anything at all.

may not control his judgment it may at least compel him to exercise his discretion so as to arrive at *some* decision: *Commonwealth ex rel. Kelley v. Pommer,* 330 Pa. 421, 439, 440, 199 A. 485, 492; *Hotel Casey Co. v. Ross,* 343 Pa. 573, 583, 584, 23 A. 2d 737, 742. A mandamus, however, is not a remedy of absolute right; it is an extraordinary writ, discretionary with the court, and, if the object sought to be attained is unjust or oppressive, the court will refuse to entertain the proceeding: *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* 324 Pa. 129, 135, 188 A. 314, 318; *Gold v. Building Committee of Warren Borough,* 334 Pa. 10, 5 A. 2d 367; *Commonwealth ex rel. Wesenberg v. Bethlehem School District,* 148 Pa. Superior Ct. 250, 258, 24 A. 2d 673, 676.

The legislative scheme for the establishment and maintenance of police pension funds is obviously based upon the principle of joint contributions by the policemen and the city. The Third Class City Law directs that the fund is to be maintained by a monthly charge against each member of the police force and also that a payment is to be made annually of a certain proportion of the taxes collected by the city. While, on first impression, it might seem that where a city has, either wilfully or negligently, failed to carry out the obligations imposed upon it by statute, as here for a period of ten years, it should, however belatedly, be compelled to perform retroactively the duty which it has thus neglected or defied. But, as a practical matter and as far as the present case is concerned, the original situation cannot be restored in a way to make possible a satisfactory remedy for the condition caused by the city's delinquency. The sums which should have been deducted from the wages of the policemen cannot now be recaptured, and the personnel of the force has undoubtedly suffered changes during that ten-year span. To establish, therefore, a fund for those years which would consist only of contributions now to be made by the city and thus give to

the policemen benefits toward the realization of which they did not make any payments whatever into the fund, would be to provide a fund not constituted in a manner contemplated by the law, for, while the amount to be paid in by the policemen was to be left to the discretion of the city authorities, the statute clearly designs that some such payments should be made and that the retirement allowances to the policemen should not become mere gratuities on the part of the taxpayers. Since the council of Beaver Falls cannot now effectively exercise a discretion in regard to the payments which the policemen themselves should have made, it should not be compelled to exercise such a discretion with regard to the payments which the city should have contributed. Laches may, under some circumstances, be imputed to the Commonwealth as well as to individuals (*Commonwealth ex rel. Attorney General v. Bala & Bryn Mawr Turnpike Co.,* 153 Pa. 47, 25 A. 1105; *Bailey's Estate,* 241 Pa. 230, 88 A. 428; *Commonwealth ex rel. Margiotti v. Union Traction Co.,* 327 Pa. 497, 513, 194 A. 661, 669), and here, for twelve years, no action was taken to enforce the city's obligations although the members of the police force could presumably have induced the Commonwealth at any time during that period to bring the proceedings on their behalf which it has now instituted. To disregard that delay would be to allow the parties who alone are to reap the benefits of the fund to escape bearing their share of the necessary burden, and, as neither the letter nor the spirit of the law can now be retroactively enforced as a whole, to enforce a partial performance of it would obviously meet the requirements neither of justice nor of practicality. We are, therefore, of opinion that the lower court erred in issuing a preemptory writ which orders the city to make contributions for years prior to the time when the present fund was established.

Order reversed; costs to be paid by the City of Beaver Falls.