Commonwealth ex rel. Bauer, District Attorney
*v.* Cochran et al., County Commissioners,
Appellants.

Submitted November 8, 1946.   Before Maxey, C. J.,
Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Howard H. Whitehead* and *Crowell & Whitehead*,
for appellants.

*Edward G. Bauer, John M. O'Connell* and *Rabe F.
Marsh, Jr.,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 25, 1946:

This appeal is the result of an impasse which has arisen in a controversy between the County Commissioners and the Court of Common Pleas of Westmoreland County over the furnishing of accommodations for the detention of children awaiting trial or hearing in the courts of the county.

The District Attorney presented a petition to the court setting forth that for over twenty years certain rented rooms on the third floor of the Salvation Army building in Greensburg have been used for the confinement and care of such children; that they are wholly unsuitable for the purpose and have been condemned by a number of successive grand juries; that the judges of the court inspected and approved a site (known as the "Moore" property) but the Commissioners have failed to take any steps toward its acquisition; that it is imperative that land be acquired and an architect employed to prepare plans and specifications for a suitable building to be erected. The petition prayed that the court cause an alternative writ of mandamus to be issued directing the Commissioners to show cause why they should not "forthwith acquire a proper site, to be approved by the court, and cause to be prepared plans and specifications for an appropriate building or buildings, to be approved by the court, for the purposes aforesaid."

The writ was issued and the Commissioners filed a return in which they denied that the rooms in the Salvation Army building were unsuitable, asserting, on the contrary, that they answered the requirements of the law. They averred that in their opinion the Moore site is impractical and too expensive. They stated that they have inspected many properties and made several propositions to the court for the acquisition and remodeling of various buildings, none of which gained the court's approval. They denied that there was any necessity of acquiring land or erecting a new building, because "the

county now owns sufficient and suitable land upon which there are suitable buildings which can easily be remodeled and made suitable" for the detention and care of the children. Specifically they proposed to remodel a building owned by the county at Georges Station in Hempfield Township and stated that if the court would approve of that site they would proceed immediately to have plans and specifications prepared for submission to the grand jury and contracts let for the remodeling of the building.

To this return the District Attorney demurred. The court sustained the demurrer and ordered that a peremptory writ of mandamus issue directing the Commissioners "to proceed to acquire a suitable parcel of land within a convenient distance of the Westmoreland County Court House for the erection of detention quarters for dependent, neglected and delinquent children, and to cause plans and specifications to be prepared for proper and suitable buildings for the purposes aforesaid, and to submit to the court before the return day of the peremptory writ such plans and specifications, any agreement to purchase, option, or condemnation resolution as would indicate a bona fide effort to comply with the terms of such peremptory writ." The Commissioners appeal.

In the opinion which accompanied the decree the court took judicial notice of the fact that the present quarters in the Salvation Army building are "woefully inadequate and unsuitable". The opinion states that about a year ago the Commissioners and the Judges inspected the Moore site, the Judges favored it and the Commissioners "informally" voted to acquire it by condemnation but thereafter took no steps for that purpose; that the proposal to remodel the building at Georges Station is unsatisfactory to the court and will not be approved by it; that no other suggestion has come from the Commissioners; that the Commissioners "appear to be confused as to the type of quarters needed";

that "the war is no excuse for the Commissioners not acquiring a suitable parcel of land, the acquisition thereof to be approved by the court, neither is a shortage of materials at present any excuse for not causing plans and specifications to be prepared to be approved by the court"; and that "the exigencies of the matter require that there be no further delay".

It is provided by the General County Law of May 2, 1929, P. L. 1278, section 555, that "The board of commissioners shall provide, furnish and heat, within the county, a separate room or rooms, or a suitable building, to be used exclusively for the confinement of any and all children under the age of sixteen years, who may be in custody awaiting trial or hearing in the courts of the county, and provide for the maintenance and care of such children while in custody." There is a similar provision in the Juvenile Court Act of June 2, 1933, P. L. 1433, section 7, as amended by the Act of June 15, 1939, P. L. 394.

Section 552 of the General County Law provides that "The board of commissioners shall keep and maintain the public buildings of the county in suitable and convenient order and repair, and may, when necessary, having first obtained the approval of the grand jury and of the court of quarter sessions of the county, alter, add to or enlarge the same."

Section 561 provides that "Whenever the board of commissioners are authorized and required to erect a court house, jail or other county building, they shall submit the plans and specifications adopted by them to the judges of the court of common pleas for their approval, and, when it is obtained, they shall let the work by contract . . . which contract or contracts shall be made subject to the approval of the said judges."

From this legislation it will be seen that a mandatory duty is placed upon the County Commissioners to provide suitable quarters for the detention and care of the Juvenile Court children, but it is wholly optional with

them whether they furnish for that purpose an existing building or propose a new structure. If the proposal be for a building not requiring alteration or enlargment, the court must accept it unless, after the taking of testimony (including judicial notice of facts and conditions within its knowledge), the court reasonably decides that the quarters offered are not suitable. If the proposal be for an existing building which requires alteration or enlargement the approval of the grand jury and the court of quarter sessions is necessary; if for the erection of a new structure the approval of the court of common pleas must be obtained. Upon the court's rejection of any proposal made by the Commissioners they must submit further suggestions and continue in their efforts to carry out the mandate of the law. The important point to be observed, however, is that the *initial* choice is with the Commissioners and not with the court; it is they who are vested with discretionary power in making the selection. If they refuse to act *at all* they may be mandamused to perform their duty, but the court cannot control the exercise of their discretion as between an old building or a new erection or in the choice of any particular site: *Commonwealth ex rel. Coughlan v. Council of Beaver Falls*, 355 Pa. 164, 49 A. 2d 365. If they display a lack of intelligence or judgment in their important task of furnishing accommodations for the Juvenile Court children the remedy is with the electorate of the county to whom it is always open to choose more competent officials.

It follows from what has been said that the court had no power to order the Commissioners to purchase land and prepare plans for the erection of a new building; the prayer of the petition was one that could not properly be granted. It is now for the Commissioners to devote themselves diligently to the performance of the duty imposed upon them by the statutes and to proceed promptly, in good faith, and in a spirit of cooperation

with the court, to furnish for the children the quarters which apparently are so badly needed in Westmoreland County.

The decree is reversed and the record remanded with direction to overrule the demurrer and dismiss the petition. Each party to pay its own costs.