## Graham Estate

*A. W. Reese*, for appellant.

*Harold E. Martin*, for Department of Revenue.

BOWMAN, P. J., April 3, 1950.—This is an appeal from a transfer inheritance tax appraisement of a remainder interest. The facts may be stated from the record and testimony as follows:

Joseph Graham, testator, died April 22, 1938. In his will, probated April 28, 1938, he bequeathed a fund of $20,000 to his executors (two of his sons), in trust, to pay the income therefrom to his wife, Emma D. Graham, for life, and in the event the income is insufficient, as much of the principal as may be necessary for her reasonable maintenance, comfort and support. Upon her death he directed that after all her debts and funeral expenses are paid, the fund should be divided among his children in equal shares.

On June 20, 1938, a resident inheritance tax appraisement was filed in the office of the Register of Wills of Lancaster County wherein the value of the widow's life estate in the trust fund was appraised at $4,990. The inheritance tax thereon was paid July 12, 1938. At that time there was also paid inheritance tax "on account of $25,000" on other taxable assets in the estate. In an adjudication of the executors' account, filed August 1, 1939, this court awarded to the Register of Wills of Lancaster County transfer inheritance tax of $30.90, representing the balance of the tax (exclusive of the tax on the remainder interest of the trust fund) then due in the estate. Subsequently the tax so awarded was paid by the executors and thereafter there remained unpaid in the estate only the tax on the remainder interest of the trust fund.

Decedent's widow died March 19, 1943, and on May 22, 1943, the testamentary trustees filed their first and final account in this court. At the audit thereof the Commonwealth was not represented and no claim was made for the tax then due on the remainder interest. The principal balance of $19,960 shown by the account was awarded to testator's 13 children in an adjudication filed June 24, 1943. On July 30, 1943, pursuant to the adjudication, the trustees distributed the fund to the remaindermen.

Thus the matter stood until March 29, 1949, when the Commonwealth filed a reappraisement of the value of the assets constituting the remainder estate in the office of the Register of Wills of Lancaster County. The reappraised value of $19,960 represents the cash balance shown by the trustees' account filed May 22, 1943. J. Willis Graham, as one of the executors of the will of Joseph Graham, then filed this appeal from the reappraisement.

Neither the appeal as filed nor appellant's petition for a citation to the Commonwealth to show cause why

the appeal should not be sustained sets forth any specific objections to the appraisement. From a recital of facts in the petition, appellant raises the question whether the Commonwealth may file an appraisement appraising a remainder interest of a trust fund six years (and 10 days) after the death of the life tenant, and almost six years after the confirmation of the trustees' final account.

That the transfer inheritance tax on the remainder interest of the trust fund was not paid, is not disputed. Unquestionably, the Commonwealth has waited a long time to reappraise the remainder interest and assess the tax. It has offered no explanation for its delay.

On the other hand, this appellant took no steps to bring the matter to the attention of the taxing authorities or to a final conclusion. As a fiduciary he should have been concerned with the collection and payment of the tax. Section 16 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, 72 PS §2352, as amended, provides that the executor or administrator, or other trustee, paying any legacy or share in the distribution of any estate of a resident decedent, subject to the tax, shall deduct the tax therefrom.

Counsel for appellant in his brief has asked this court to invoke laches against the Commonwealth. Laches may be imputed to the Commonwealth as well as to an individual: Bailey's Estate, 241 Pa. 230; Pittsburgh Railways Co. et al. v. Borough of Carrick et al., 259 Pa. 333. This court feels, however, that the instant case is not one in which this doctrine should be applied. It is not claimed, and the testimony does not disclose, that appellant, either individually as one of the remaindermen of the trust or as a fiduciary, has been put to any disadvantage or was prejudiced by reason of the delay in the filing of the reappraisement and assessing of the tax. Nor has it been shown that conditions have so changed (since the confirmation of the

128

trustees' account and the distribution of the fund to the remaindermen) that it would be inequitable to sustain the appraisement.

The appeal is dismissed; costs to be paid by appellant.