## Commonwealth ex rel. Storb v. Schroll

*Eaby & Eaby*, for plaintiff.
*Brown & Zimmerman*, for defendant.

JOHNSTONE, J., March 20, 1959.—This action of quo warranto was instituted on December 4, 1958, to test the title of Robert M. Schroll to the office of school

director in the Township of Earl, this county. The complaint states that on November 6, 1956, defendant was appointed school director, at which time he had not been a resident of the school district for a period of one year as required by the Public School Code of March 10, 1949, P. L. 30. Defendant has acted as a school director continuously since his appointment and is still acting. Defendant admitted all of the averments in the complaint and under new matter averred that he has been a resident of the district since March 17, 1956, and raised the defense of laches. Plaintiff in its reply admitted defendant's residence in the district since March 17, 1956.

There being no facts in issue, the matter is now before the court en banc on plaintiff's motion for judgment on the pleadings. An action of quo warranto is the exclusive remedy to determine the title to a public office, such as school director: Commonwealth ex rel. Ryan v. Haeseler, 161 Pa. 92, 96.

The Public School Code of 1949 provides in article III, sec. 322, 24 PS §3-322: "Any citizen of this Commonwealth, having a good moral character, being twenty-one (21) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director therein." At the time of his appointment, defendant had been a resident of the district for a period of only seven months and 20 days, which is less than the statutory residence requirement. Defendant was clearly not eligible for appointment to the office of school director at the time he was appointed, since he did not fulfill all of the qualifications prescribed by the code. Unless the delay of two years and 28 days in attacking defendant's title to the office has a curative effect, then defendant's appointment was unlawful and he should be removed from office.

It requires no recital of authority to say that laches is an equitable doctrine which is not applied merely by the passage of time but only when the delay works to the disadvantage or injury of the party invoking the doctrine. Laches may be imputed to the Commonwealth as well as to an individual: Commonwealth ex rel. Attorney General v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, 53; Pittsburgh Railways Company v. Carrick Borough, 259 Pa. 333, 339; Pittsburgh v. Pittsburgh & West Virginia Railway, 283 Pa. 196; Commonwealth ex rel. Margiotti v. Union Traction Company of Philadelphia, 327 Pa. 497, 513. We must, therefore, determine whether the delay of over two years in attacking defendant's title to the office of school director will result in disadvantage or injury to defendant if he is ousted from office.

Approximately four months after defendant's appointment, he did qualify under the code, for by that time he had been a resident of the district for one year. In the more than two years since his appointment, defendant has contributed of his time, talents and energy on behalf of the school district, without remuneration. While defendant has made no sizable outlay of cash in the way of capital investment and has incurred no financial obligation based on his holding office, still there must have been some expense connected with his service as school director which only he must have paid. Two years spent in a labor of love, without any compensation, with little if any thanks, and with only the satisfaction of a difficult job conscientiously done, and then to be ousted from office through no fault or shortcoming of his own, seems hardly a just reward. Defendant must have a certain amount of pride and interest in his office to incur the expense of defending against this proceeding. It may not mean a financial loss to defendant to lose his office but to some people there are other values, perhaps even higher,

than money. In our opinion, to oust defendant from office after he has been permitted to serve for over two years would be eminently unfair, unkind and unjust, and a serious injury to defendant in his standing in the community, in his pride of accomplishment in service to the public and in the loss to the public of the experience he has gained through more than two years' service on the school board. While the motive for instituting this action may not, and the words "may not" are used advisedly for there is a difference of opinion, have any bearing on the outcome, we cannot escape the conclusion that if there was a serious objection to this man serving as school director, action could and should have been taken long before this. We can see no harm to anyone in defendant continuing in office, but we can see great disadvantage and serious injury to this man if he were to be ousted. We conclude that plaintiff has been guilty of laches in not instituting this action promptly and is estopped from asserting this cause of action.

And now, March 20, 1959, for the reasons stated herein, judgment is hereby entered on the pleadings in favor of defendant and against plaintiff.