**In re Construction of County Courthouse (No. 1)**

*G. Thomas Miller* of *McNees, Wallace & Nurick,* for petitioners.

MacPHAIL, P. J., May 9, 1973.—There is pending before this court a petition by the Commissioners of Adams County for approval of plans for construction of a county court house and office facilities under the provisions of section 2315 of The County Code of August 9, 1955, P. L. 323, as amended, 16 PS §2315(b). The petition, in paragraph 6, outlines five alternative proposals "presently before your petitioners," all of which involve expenditures of public moneys in excess of $1,500,000. In paragraph 8, the petition recites that at a public hearing petitioners will be prepared to offer comprehensive site and building plans, detailed cost estimates, etc., which will be required for *each alternative proposal.* Paragraph 9 of the petition states that petitioners "favor and request the Court to approve" Proposal No. 1, which calls for the construction of a new court house outside the confines of the Borough of Gettysburg. Paragraph 2 of the petition states that if Proposal No. 1 is not approved by the court, then they request approval of Proposal No. 2. Finally, petitioners state in paragraph 12 that they do not favor Proposals 3, 4 and 5. The prayer of the petition is that the court approve Proposal No. 1, or, in the alternative, Proposal No. 2.

The Adams County Court House is more than 100 years old. The facilities, office space and working conditions are not merely inadequate; they are dehumanizing. For at least the past five years the

problem has been before the Adams County Commissioners and it is imperative that something be done in the immediate future to remedy the situation. It is gratifying to the court that some definitive action has been taken. However, much as we feel the need to expedite these proceedings, we must proceed in accord with the law.

Section 2315(b) of The County Code, supra, imposes or vests, as the case may be, the authority to construct or alter county buildings, including the court house, in the county commissioners. The function of the court is to approve or disapprove plans and specifications for such construction *as decided upon by the commissioners.* It was said in Commonwealth ex rel. Bauer v. Cochran, 355 Pa. 318, 323 (1946):

"The initial choice is with the Commissioners and not with the court; it is they who are vested with discretionary power in making the selection."

In Petition of Commissioners of Somerset County for Approval of Plans . . . for Repair, etc. of the Court House, 21 Somerset 137 (1962), the court said, at page 146:

"Thus, it will be seen that in the first instance it is the mandated obligation and duty of the county commissioners to provide for the necessary facilities including buildings and the maintenance thereof for the conduct of the county business either in the court house or other suitable quarters and when the county commissioners or a majority of them elect to make alterations, repairs or changes to their public buildings then the plans and specifications which they have authorized to be prepared *and which they adopted* shall be submitted to the court of common pleas of the county in which the court house or public building is located for the court's approval of those

plans and specifications. Thus it will be seen that the jurisdiction as well as the specific obligations and responsibilities of the county commissioners as well as the court is clear." (Italics supplied.)

There is at least the possibility that the within petition is intended to vest in *the court* a determination as to which of the five proposals is most acceptable. This approach must be rejected. The contemplated hearing cannot be a forum for public debate as to which of the five proposals is most acceptable to the taxpayers. As we said in In re County of Adams, Petition to Sell Real Estate (Adams (1973)):

"The courts must be careful that they do not infringe upon the powers and responsibilities of the executive branch of the government."

The within petition is a concrete example of how our system of checks and balances must operate in our form of government. The initial decision as to what should be done must be made by the county commissioners. It is the court's function to approve or disapprove what the commissioners have decided.

Rather than delay the proceedings further, we will treat the within petition in accordance with the prayer thereof as a petition to construct a new court house in accord with Proposal No. 1. At the hearing we will limit ourselves and the testimony of others to the approval or disapproval of the plans and specifications for that proposal.

It is true that if this court rejects the plans and specifications for Proposal No. 1, a new petition will then have to be presented; but this, too, is in accord with the law. "Upon the court's rejection of any proposal made by the Commissioners they must submit further suggestions and continue in their efforts to

carry out the mandate of the law": Commonwealth ex rel. Bauer v. Cochran, supra, at page 323.

Accordingly, we enter the following

## ORDER OF COURT

And now, May 9, 1973, upon presentation of the within petition and after due consideration thereof, it is ordered that a hearing be held on June 21, 1973, at 9:30 a.m. to determine whether plans and specifications for Proposal No. 1 in the within petition should be approved. It is further ordered that petitioners shall advertise notice of this hearing once a week for three successive weeks in the Adams County Legal Journal and The Gettysburg Times. Finally, it is ordered that petitioners shall have available for public inspection during regular business hours at the Adams County Court House the plans and specifications for Proposal No. 1.