Silas W. REDMOND, Appellant,

v.

Robert WHEELER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 7, 1977.

Discretionary Review Denied
Feb. 15, 1977.

Certiorari Denied May 23, 1977. See
97 S.Ct. 2628.

Sam Boyd Neely, City Atty., Mayfield, for appellees.

Louis V. Mangrum, Mayfield, for appellant.

Before HAYES, LESTER and PARK, JJ.

PARK, Judge.

This litigation arises out of a claim filed by the appellant, Silas W. Redmond, before the appellees who are members of the Board of Trustees of the Policemen's and Firemen's Pension Fund for the City of Mayfield. Redmond was a former policeman of the City of Mayfield, and he sought to recover permanent disability payments pursuant to KRS 95.550(1)(b). After a hearing, the Board of Trustees denied Redmond's application for a disability pension. Redmond then initiated this litigation by filing a "complaint and petition of appeal" in the Graves Circuit Court. The circuit court concluded that the actions of the Board of Trustees were supported by the record of the proceedings before the Board. Redmond appeals from the judgment entered by the circuit court sustaining the actions of the Board of Trustees of the Policemen's and Firemen's Pension Fund.

Redmond was employed as a policeman by the City of Mayfield on October 1, 1952. Redmond continued to serve as a policeman for the City of Mayfield until December 8, 1967. At that time, Redmond was unable to continue to carry out his duties as a policeman because of physical disabilities. It has been Redmond's contention that these physical disabilities are attributable to injuries sustained by him in the performance of his duties as a policeman.

When Redmond ceased performing any duties as a policeman on December 8, 1967, the City of Mayfield had no pension fund for policemen. Rather than provide a pension fund, the City of Mayfield had afforded Social Security coverage for its policemen and firemen.

For many years, the City of Mayfield had been classified as a city of the third class. As a city of the third class, the City of Mayfield was subject to the following provisions of KRS 95.520(1):

"There shall be in cities of the third class a policemen's and firemen's pension fund, and a board of trustees for that fund."

Assuming that the city was under a mandatory duty to establish a pension fund, Redmond asserts that he is entitled to a disability pension under the following provisions of KRS 95.550(1)(b):

"If any member of the police or fire department becomes permanently disabled, physically or mentally, while in the performance of duty and by reason of service in the department, so as to render necessary his retirement from service in the department, the board of trustees shall retire him from service and order paid to him monthly fifty per cent (50%) of his monthly salary at the time of his retirement. Provided, however, that the provisions of this paragraph shall not apply unless the disabled fireman or policeman has served from one (1) day to ten (10) years consecutively in his department, such period of service to be fixed by the board."

As he had served more than ten years prior to the date of his claimed disability, Redmond claims that he is entitled to the disability pension even though the city had not established a policemen's and firemen's pension fund on December 8, 1967.

On December 14, 1967, two city employees filed an action in the Graves Circuit Court to require the City of Mayfield to establish a policemen's and firemen's pension fund pursuant to KRS 95.520 et seq. Redmond was not a party to this action, although it purported to be brought as a class action on behalf of all of the policemen and firemen in the City of Mayfield. On July 25, 1968, the Graves Circuit Court entered a judgment requiring the city to establish a policemen's and firemen's pension fund. In the complaint in the earlier action, the plaintiff sought to require the City of Mayfield to establish the pension

fund retroactive to June 16, 1966, the effective date of certain statutory amendments. However, in its judgment requiring the city to establish a pension fund, the Graves Circuit Court did not require the City of Mayfield to make the pension fund retroactive to June 16, 1966. No appeal was taken from this judgment.

On November 11, 1968, the City of Mayfield enacted an ordinance establishing a policemen's and firemen's pension fund as required by the judgment of the Graves Circuit Court. With respect to the funding of the pension fund, the city had the following discretion under KRS 95.580(1):

"The policemen's and firemen's pension fund in cities of the third class shall consist of: (a) The proceeds of an annual tax, which may be levied by the city legislative body, of not less than one cent (1¢) nor more than four cents (4¢) on each one hundred dollars ($100) in value of taxable property. (b) All rewards, fees, gifts and emoluments paid or given on account of extraordinary service of any member of the police or fire department. (c) Assessments, which the board of trustees of the pension fund may make, upon each member of the police and fire departments, of not less than one per cent (1%) nor more than four per cent (4%) of his salary, to be withheld from the monthly salary and paid by the city treasurer into the pension fund."

Under the enabling ordinance, the pension fund was not funded until January 1, 1969, when the city commenced deducting four percent of each fireman's and policeman's salary and levied a special three cent tax on each $100.00 in value of taxable property, as authorized by KRS 95.580(1). Redmond filed his claim for a pension on August 28, 1969.

The board of trustees of the pension fund and the circuit court both concluded that Redmond was not entitled to any benefits from the pension fund because he was not an active policeman on the date the fund was established and because he never made any contributions to the fund. Redmond argues that this permits the City of May-

field to benefit by its own failure to carry out its duty to establish the pension fund.

Even though the city had a mandatory duty to establish the pension fund, the city did have discretionary powers relating to the fund. It was within the discretion of the city to determine the special tax rate, within a maximum and minimum rate, and it was within the discretion of the city to determine the employee contribution, again within a maximum and a minimum limit. The city also had discretion to determine the length of service required before a policeman would be entitled to a disability pension although Redmond's period of service did exceed the ten year maximum service limitation provided by KRS 95.-550(1)(b).

The Pennsylvania Supreme court was faced with a similar problem in *Commonwealth v. Council of City of Beaver Falls,* 355 Pa. 164, 49 A.2d 365 (1946). The Supreme Court of Pennsylvania stated:

"The legislative scheme for the establishment and maintenance of police pension funds is obviously based upon the principle of joint contributions by the policemen and the city. The Third Class City Law directs that the fund is to be maintained by a monthly charge against each member of the police force and also that a payment is to be made annually of a certain proportion of the taxes collected by the city. While, on first impression, it might seem that where a city has, either wilfully or negligently, failed to carry out the obligations imposed upon it by statute, as here for a period of ten years, it should, however belatedly, be compelled to perform retroactively the duty which it has thus neglected or defied. But, as a practical matter and as far as the present case is concerned, the original situation cannot be restored in a way to make possible a satisfactory remedy for the condition caused by the city's delinquency. The sums which should have been deducted from the wages of the policemen cannot now be recaptured, and the personnel of the force has undoubtedly suffered changes during that ten year span. To establish, therefore, a fund for those years which would consist only of contributions now to be made by the city and thus give to the policemen benefits toward the realization of which they did not make any payments whatever into the fund, would be to provide a fund not constituted in a manner contemplated by the law, for, while the amount to be paid in by the policemen was to be left to the discretion of the city authorities, the statute clearly designs that some such payments should be made and that the retirement allowances to the policemen should not become mere gratuities on the part of the taxpayers. Since the council of Beaver Falls cannot now effectively exercise a discretion in regard to the payments which the policemen themselves should have made, it should not be compelled to exercise such a discretion with regard to the payments which the city should have contributed. Laches may, under some circumstances, be imputed to the Commonwealth as well as to individuals (*Commonwealth ex rel. Attorney General v. Bala & Bryn Mawr Turnpike Co.,* 153 Pa. 47, 25 A. 1105; *Bailey's Estate,* 241 Pa. 230, 88 A. 428; *Commonwealth ex rel. Margiotti v. Union Traction Co. of Philadelphia,* 327 Pa. 497, 513, 194 A. 661, 669), and here, for twelve years no action was taken to enforce the city's obligations although the members of the police force could presumably have induced the Commonwealth at any time during that period to bring the proceedings on their behalf which it has now instituted. To disregard that delay would be to allow the parties who alone are to reap the benefits of the fund to escape bearing their share of the necessary burden, and, as neither the letter nor the spirit of the law can now be retroactively enforced as a whole, to enforce a partial performance of it would obviously meet the requirements neither of justice nor of practicality."

The reasoning of the Supreme Court of Pennsylvania applies with equal force to the facts in this case. As it relates to cities of the third class, KRS 95.520 to 95.620 had

remained essentially unchanged since 1956. See 1956 Kentucky Acts, Chap. 31. The constitutionality of such legislation had been recognized since the decision in *Board of Trustees of Policemen's and Firemen's Retirement Fund of City of Paducah v. City of Paducah,* Ky., 333 S.W.2d 515 (1960). Yet, while employed as a policeman, Redmond never made any claim that the City of Mayfield should establish a pension fund. Even if Redmond is not bound by the judgment in the earlier class action which refused to make the establishment of the pension fund retroactive, neither justice nor practicality require that Redmond be entitled to share in a pension fund which was not established until long after he ceased to be an active policeman and to which he never contributed.

The court concludes that the circuit court did not err in dismissing Redmond's complaint.

The judgment of the circuit court is affirmed.

All concur.